In re Stephen Thomas MARKS, Debtor.

Stephen Thomas Marks, Plaintiff,

v.

Educational Credit Management Corp., et al., Defendant.

Bankruptcy No. 00–10372.
Adversary No. 01–1113.

United States Bankruptcy Court, N.D. California.

Sept. 9, 2003.

Michael A. Beatty, Law Offices of Michael A. Beatty, Boston, MA, for Creditor.

Barbara R. McEntyre, Law Offices of Barbara R. McEntyre, Larkspur, CA, Mark W. Plank, Law Offices of Mark W. Plank, San Rafael, CA, for Debtors.

Edward G. Myrtle, Office of the U.S. Trustee, San Francisco, CA, for U.S. Trustee.

*Memorandum of Decision on Remand*

ALAN JAROSLOVSKY, Bankruptcy Judge.

Debtor and plaintiff Stephen Marks filed his Chapter 7 petition in February, 2000. He owes defendant Educational Credit Management Corporation ("ECMC") approximately $205,000.00 in educational loans. In this adversary proceeding, he seeks to establish their dischargeability pursuant to § 523(a)(8) of the Bankruptcy Code on account of undue hardship.

Marks is 53 years old. He has a long history of mental illness, having spent ten months in a state mental hospital at age 19 and suffered from bouts of alcoholism and drug abuse. He has been in therapy for the last 12 years, which has helped him to overcome his problems for periods of time and during those times live a more or less normal life.

When the court originally heard this matter, Marks was enjoying one such period. He was working and making about $37,000.00 per year. He had married a school teacher who made about $45,000.00 per year. They had a young child. For a brief period at least, Marks was blessed with a happy life.

At the trial, Marks testified that his difficulties were behind him and that he looked forward to a stable and happy family life. However, the court at the time formed the sad but firm conclusion that Marks would continue to struggle with his mental disability and that the happiness he was enjoying was likely to be temporary. The last thing the court wanted to do, however, was to express this fear in its findings. Marks was clearly struggling and determined to hold on to his family and maintain his mental stability. The court did not want to express its fears, with possible adverse effect on Marks and his family, especially since it appeared that it was not necessary in order to reach the just conclusion that Marks and his family should not bear the burden of repayment of his student loans. The court accordingly made only brief findings that Marks faced "perhaps lingering psychological difficulties" in the future and had a continuing need for psychotherapy.

Section 523(a)(8) of the Bankruptcy Code provides that a student loan is dischargeable if excepting the debt from discharge would impose an undue hardship on the debtor and his dependants. "Undue hardship" has been defined in this circuit by *In re Pena*, 155 F.3d 1108, 1111 (9th Cir.1998). The court assumed that since it found undue hardship as defined in *Pena* that discharge was proper. As the court has no discretion to partially discharge a student loan where there is no undue hardship (*In re Saxman*, 325 F.3d 1168, 1174 (9th Cir.2003)), the court assumed that it was within its discretion to fully discharge a student loan where there is undue hardship. The court accordingly made no findings relating to a partial discharge.[1]

On appeal the district court affirmed this court's finding of undue hardship. However, it found error in the court's failure to consider partial discharge and has remanded for a determination of a partial discharge based on Marks' ability to pay.

Sadly, the court's fears have been realized in the year and a half since the trial was held. Marks' marriage has collapsed, he has lost his job and is currently awaiting sentencing on felony charges. Happiness too swiftly flies.

Since the determination of a partial discharge is based on the general equitable powers of the court pursuant to § 105(a) of the Code (see *Saxman*, at 1174), the court finds it inequitable to base Marks' ability to pay on that brief period of time when he was making a decent income and living with a spouse who was also employed. Marks is now single and employed as a hardware store clerk making $11 per hour. His monthly net income is only $1200.00. His monthly expenses far exceed that amount, even excluding his legal expenses. He is renting a room in an apartment for $525.00 a month, which is both very modest and almost half of his monthly income. He has budgeted only $350.00 per month for food and clothing, and $100.00 per month for gas and telephone. His budget items for car insurance ($104.00), therapy ($140.00) and voluntary child support ($200.00) are all reasonable and absolutely necessary. He has budgeted nothing for recreation. He has nothing left over for student loan payments, nor is the situation likely to improve in the foreseeable future.

The court apologizes to the parties and the District Court for its failure to expressly make the findings stated here in its original findings after the trial. The court thought those findings were not necessary and would do more harm than good.

---

1. In *Saxman,* the bankruptcy court had indicated its desire to only partially discharge the student loan. The circuit held that " a bankruptcy court *may* exercise its equitable authority to partially discharge student debt under the Bankruptcy Code." 325 F.3d at 1175. This court does not believe that partial discharge is appropriate here and would not consider partial discharge absent the mandate of the District Court.